UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY M. CALDERON, ) | Case No.  EDCV 15-2156 DOC(JC) |
| Petitioner, ) | |
| ) | ORDER TO SHOW CAUSE |
| v. ) | |
| ) | |
| SUPERIOR COURT OF ) | |
| CALIFORNIA, ) | |
| ) | |
| Respondent. ) | |

On October 6, 2015, petitioner Johnny M. Calderon ("petitioner") signed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Petition") which was formally filed in the Eastern District of California on October 9, 2015, was subsequently transferred to the Central District of California, and was referred to this Court on October 19, 2015.[1]  Construing the Petition liberally, it appears that petitioner, who pleaded guilty to multiple charges in San Bernardino County Superior Court ("Superior Court") in 2013, challenges

---

[1]The Petition consists of a form (which commences with a preprinted page number "2") and exhibits, namely an April 13, 2015 letter ("Petition Ex. A"), a June 23, 2015 letter ("Petition Ex. B"), a June 25, 2015 Order from the California Court of Appeal, Fourth District, Division Two ("Court of Appeal") ("Petition Ex. C"), and a brief submitted to the Court of Appeal on behalf of petitioner in accordance with the procedures outlined in People v. Wende, 25 Cal. 3d 436 (1979) and Anders v. California, 386 U.S. 738 (1967) ("Petition Ex. D").

Case 5:15-cv-02156-DOC-JC Document 7 Filed 10/20/15 Page 2 of 4 Page ID #:31

the corresponding judgment on the following essential grounds:  (1) his Miranda[2] rights were violated by an interrogating detective who did not advise him of such rights and coerced petitioner's confession; (2) petitioner received ineffective assistance of counsel in connection with his guilty plea as such counsel did not give petitioner his best advice about the charges and coerced petitioner into pleading guilty; (3) petitioner did not voluntarily enter into a plea agreement/plead guilty; and (4) errors at sentencing – the absence of a probation report and the failure timely to supply such a report to petitioner – merit relief.  (Petition at 5-6).

It appears from the Petition and matters as to which this Court takes judicial notice, that petitioner's claims have not previously been presented to the California Supreme Court.

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. §§ 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights."  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).  A federal court may raise exhaustion problems *sua sponte*.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364,

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

2

365-66 (1995); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies. <u>See</u>, <u>e.g.</u>, <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997), <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Keating v. Hood</u>, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), <u>app. dismissed on other grounds</u>, 133 F.3d 1240 (9th Cir. 1998). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, as noted above, petitioner challenges a 2013 judgment on multiple grounds. The Petition and exhibits thereto reflect that the only post-conviction challenges by petitioner to the judgment in issue consist of an unsuccessful petition filed in the Superior Court for resentencing pursuant to California Penal Code section 1170.18 (Proposition 47) and an appeal to the California Court of Appeal in Case No. E063434 from the denial of the petition for resentencing. (Petition at 3-4, 6-7; Petition Exs. A-D). The Petition and exhibits thereto do not reflect that petitioner has presented his current claims to the California Court of Appeal or the California Supreme Court or that the California Supreme Court has ruled on such claims as required for exhaustion. The dockets for the California Court of Appeal and the California Supreme Court and the opinion of the California Court of Appeal in Case No. E063434, which are available at http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice, reflect that (1) on August 25, 2015, the California Court of Appeal affirmed the 2013 judgment and found no error by the Superior Court; (2) petitioner has not sought any other relief from the California Court of Appeal with respect to the 2013 judgment in issue (or any other judgment); and (3) petitioner has not sought any relief from the California Supreme

///

///

Court with respect to the 2013 judgment in issue (or any other judgment). Consequently, it appears that petitioner's claims are unexhausted.[3]

For the foregoing reasons, within twenty (20) days of the date of this Order, petitioner is ORDERED to show cause, in writing, why the Court should not recommend the dismissal of this action without prejudice for failure to exhaust state remedies. If petitioner contends that he has, in fact, presented his claims to the California Supreme Court and that such court has ruled thereon, his response to this Order to Show Cause shall indicate how and when petitioner raised his claims with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claims, and shall attach a copy of such decision, if it is available.

DATED: October 20, 2015

                                         /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner may still be able to present his claims to the California Supreme Court. See In Re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.